MANUEL MARINA VILLALOBOS, Plaintiff and Appellant, *v.* MARCIAL SUÁREZ Y SUÁREZ, Defendant and Appellee.

No. 5555. Argued December 7, 1932.—Decided May 29, 1934.

*P. Amadeo* and *L. Llorens Torres* for appellant. *C. Coll y Cuchí* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The plaintiff took this appeal from a judgment dismissing his complaint on the merits.

José María Marina Sánchez died in 1896, leaving a will in which he devised to his son, Manuel, the disposable portion of his estate, to a daughter the betterment portion, and he constituted as his heirs to the remaining third, the five children he had in his marriage with Antonia Villalobos. Community property was left at his death, including three rural properties: One measuring 20 *cuerdas* of land, another 61, and still another 8, which were recorded in the registry of property the same year, in the name of his heirs in common (*proindiviso*) it being set forth in the records pertaining to those properties that to the son Manuel belonged, by legacy, the disposable third of half of the properties, in addition to his rights as heir.

José María Marina Villalobos, one of the sons who had only a share in a third as heir, sold to his mother, Antonia Villalobos, in the year 1898, his hereditary share in those three properties and in others, and also the disposable third of the one-half share which had been bequeathed to his

brother Manuel, and those sales were so recorded in the registry of property in said year 1898. The mother afterwards inherited the share which, by the betterment portion and by inheritance, her daughter María Luisa had in her father's estate. Subsequently, in 1906, on recording a mortgage constituted by Antonia Villalobos and her sons Modesto and Angel María, the registrar set forth in the record that although it appeared from a previous entry that José María Marina Villalobos had sold to his mother a third of said one-half share, that entry was erroneous, as what she did record was the share that belonged to José María Marina Villalobos, which was a fifth of the half, the only share which he could alienate. In 1912, Antonia Villalobos and her sons Manuel, Angel, and Modesto sold the said properties stating that they were the owners in indivision thereof, without specifying the part belonging to each one of them. The three properties above mentioned now belong to Marcial Suárez y Suárez.

All the facts above stated are set forth in the registry of property.

Recently, Manuel Marina Villalobos brought suit, with the result we mentioned at the beginning, against Marcial Suárez y Suárez to annul the deed of sale which José María Marina executed in favor of his mother in 1898, in so far as it refers to the third of one-half of the properties, and similarly all subsequent sales, including that made to the defendant; to cancel the registration of those titles in the registry of property; to declare that the one-third share belonged to the plaintiff; to have the defendant deliver it to him, and in default thereof, a certain sum of money; and to adjudge the defendant to pay to him, as usufruct, another sum in cash. The ground for the relief sought was that the said one-third share belonged to the plaintiff, and hence his brother José María could not alienate it.

It is true that José María Marina Villalobos was not the owner of the undivided third of one-half of the properties

which he sold to his mother, and that said sale was recorded, but as it was set forth in the register when the hereditary estate of José María Marina Sánchez was recorded in favor of his heirs, that he had devised to his son Manuel the disposable third, and as the registrar afterwards corrected the mistake that had been made in recording the sale of said third by José María Marina, we fail to see how the appellant can have been deprived of such right, the more so since he later sold his share in the properties without determining his rights therein, which is equivalent to an alienation of all the rights he had in the properties, including his third of a half which he had not alienated before, which was set forth in the registry and of which he could not be, and was not, deprived, as the erroneous record of that sale by José María Marina was promptly corrected in the registry. All those facts are set forth in the recording office and were known to Manuel Marina, since registries of property are public and the entries appearing in their books constitute notice to everybody.

The appellant says that the registrar had no authority to make the correction that he did, but, even so, we do not see how a correction in his favor can injure him.

The appellant also urges that the lower court disregarded the testimony of the plaintiff according to which he did not know until 1913 that he was the owner of the third involved in this suit. From the registry of property, the entries in which are public, it appears that his right to that third was recorded in his name in the year his father died, for which reason such knowledge is more important than that which he stated in his testimony.

The judgment appealed from must be affirmed.